IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams, | Civil Action No. 2:18-cv-1690-CMC |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Bryan Stirling, et al, | |
| Defendants. | |

Plaintiff Darrell Williams ("Williams") brought this *pro se* action alleging violations of his Equal Protection rights while incarcerated at Lieber Correctional Institution in the South Carolina Department of Corrections. ECF No. 1. This matter is before the court on Williams' Motion for Temporary Restraining Order and Preliminary Injunction, filed July 9, 2018. ECF No. 14.[1] Williams complains his Equal Protection rights have been violated as inmates on "faith-based or character units" have access to privileges Williams and inmates in other housing units do not. *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings. On August 21, 2018, the Magistrate Judge issued a Report recommending Williams' motions for temporary restraining order and preliminary injunction be denied. ECF No. 22. The Magistrate Judge advised Williams of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Williams filed objections on August 29, 2018. ECF No. 28. On August 31, 2018, the court received a letter from Williams enclosing a

---

[1] Plaintiff filed a previous motion for temporary restraining order and preliminary injunction with his initial Complaint on June 20, 2018. ECF No. 3.

page from his objections he alleges was returned to him despite being in a sealed envelope with the rest of his objections (which were received by this court). ECF No. 30. Williams requests the court "take whatever action it deems appropriate to prevent future actions" such as this one, which he asserts "borders on denial of access to courts." *Id.* On September 5, 2018, Williams filed another letter with the court, alleging "unauthorized mail monitoring . . . during this civil litigation." ECF No. 31. Williams alleges his legal documents were thrown in the trash on August 20, 2018. *Id.* at 1. Plaintiff requests Defendants be "prevented from further monitoring of Plaintiff [*sic*] correspondence" and that he be "compensated for destruction of legal documents." *Id.* at 2.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

---

[2] The court notes both of these letters were received after the expiration of the deadline for objections. However, the court has considered the previously omitted page of objections as timely objections to the Report.

2

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Williams objects to the Report, arguing his claims are for disparate treatment between the inmates in faith-based or character housing units and those in other, general housing units, during inmate lockdowns. ECF No. 28. Therefore, he argues, the cases cited by the Magistrate Judge are not relevant because they do not concern the different treatment between inmates in these units versus general population.[3] *Id.* at 3. He argues he is allowed fewer showers, less recreation and phone time, inadequate access to the law library, and essentially no rehabilitation programming while the institution is on lockdown, as opposed to inmates in the faith-based or character housing units who continue to have access to these privileges despite the lockdown. *Id.* He contends he was assaulted by two inmates on March 12, 2018, "as a direct and proximate cause of no rehabilitative programs," and therefore has suffered irreparable injury. *Id.* at 9. Finally, he argues the court should allow Defendants an opportunity to respond before ruling on his motion.

---

[3] The Report appears to assume Williams is housed in a "restricted unit." *See* ECF No. 22 at 2, 5. However, Williams' objections make it clear he is housed in general population, but is complaining about the difference in treatment between inmates in the faith-based or character units versus the other units in general population while on lockdown status. *See* ECF No. 28 at 2 (In "the case at bar, Plaintiff alleges his housing unit and faith/character units are in General Population. Thus, defendant Stirling, Williams disparate treatment of Plaintiff who is in General Population must be allowed to advance a 'Legitimate Peaneological [*sic*] Interest' in treating inmates within character/faith units differently from Plaintiff who is [in] a non character/faith unit."). Williams does appear to allege his unit is on lockdown at times, but notes he is not in administrative segregation. *Id.* at 7.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Williams' objections, the court declines to adopt the current Report or to rule on Williams' motion for a Temporary Restraining Order/Preliminary Injunction until Defendants have an opportunity to respond. On the same day this Report was issued, the Magistrate Judge also authorized service of process, and summons were issued as to the three Defendants.

While the Report focuses on Williams' claims as if they were related only to his conditions of confinement, Williams' objections make clear he is alleging an equal protection violation between treatment of the character and faith-based units versus the other general population units while on lockdown. However, he does not allege any membership in a protected class (i.e., based on race or religion[4]), merely arguing the character or faith-based units are allowed privileges while on lockdown that the general population units are not. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (holding "respondent must plead sufficient factual matter to show that petitioners adopted and implemented the detention policies at issue not for a neutral, investigative reason but for the purpose of discriminating on account of race, religion, or national origin."); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (holding equal protection claim properly dismissed because the plaintiff was not a member of a protected class and the state had a rational basis for the restriction at issue); *Pressley v. Penn. Dept. of Corr.*, 365 F. App'x 329, 331-32 (3d

---

[4] He does not allege he practices a certain religion, or lack of religion, as the reason why his equal protection rights are violated by continuing privileges for the character or faith-based units.

Cir. 2010) (affirming denial of preliminary injunction on equal protection claim when the plaintiff did not argue he was a member of a protected class, and did not "show he was intentionally treated differently from others similarly situated and there was no rational basis for the treatment."); *Fisher v. Mullin*, 213 F. App'x 698, 703 (10th Cir. 2007) (affirming denial of equal protection claim when the plaintiff did "not allege he was treated differently than other inmates because he belongs to a suspect class; therefore, he must show that he was similarly situated to other inmates and that the difference in treatment was not reasonably related to legitimate penological interests.").

Because Williams does not allege he belongs to a protected class, the alleged differences in treatment are presumed valid and will be upheld if "reasonably related to any legitimate penological interests." *Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002). Williams notes Defendants have not had the opportunity to address a justification for the alleged disparate treatment. The court agrees that, as the Magistrate Judge has authorized service of process and summons have been issued, Defendants should have an opportunity to respond to Williams' motions for preliminary injunction/TRO after they are served.

Accordingly, the court declines to adopt the Report at this time. Defendants shall file a response to Williams' motions within 14 days after filing a responsive pleading in this matter. Williams will then have an opportunity to file a reply. This matter is referred back to the Magistrate Judge for a revised Report after the motion is fully briefed.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie

<pre>                                                      CAMERON MCGOWAN CURRIE
                                                      Senior United States District Judge
</pre>

Columbia, South Carolina
September 11, 2018