IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams,<br><br>                   Plaintiff,<br>     vs.<br><br>Bryan Stirling, et al,<br><br>                   Defendants. | Civil Action No. 2:18-cv-1690-CMC<br><br>**OPINION AND ORDER** |

Plaintiff Darrell Williams ("Williams") brought this *pro se* action alleging violations of his Equal Protection rights while incarcerated at Lieber Correctional Institution in the South Carolina Department of Corrections. ECF No. 1. This matter is before the court on Williams' Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, filed July 9, 2018. ECF No. 14.[1] Williams complains his Equal Protection rights have been violated as inmates on "faith-based or character units" have access to privileges Williams and inmates in other housing units do not. *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings. On August 21, 2018, the Magistrate Judge issued a Report recommending Williams' motions for TRO and preliminary injunction be denied. ECF No. 22. The Magistrate Judge advised Williams of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Williams filed objections on August 29, 2018. ECF

---

[1] Plaintiff filed a previous motion for TRO and preliminary injunction with his initial Complaint on June 20, 2018. ECF No. 3.

No. 28. On August 31, 2018, the court received a letter from Williams enclosing a page from his objections he alleges was returned to him despite being in a sealed envelope with the rest of his objections (which were received by this court). ECF No. 30.

The court declined to adopt the Report or to rule on the motion for a TRO/Preliminary Injunction until Defendants had an opportunity to respond. ECF No. 32. Defendants filed their response in opposition on November 7, 2018. ECF No. 55. Plaintiff filed his reply on December 10, 2018. ECF No. 75. On December 13, 2018, the Magistrate Judge issued a Report recommending Plaintiff's motions (ECF Nos. 3, 14) be denied. The Magistrate Judge advised Williams of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Williams filed objections on January 16, 2019. ECF No. 97.

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself

2

that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## 2. **Discussion**

The Magistrate Judge concluded Williams failed to show any of the four requirements for issuance of a preliminary injunction: that he is likely to succeed on the merits, that he will suffer irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public interest. ECF No. 78 at 3-4. The Report considered Williams' Equal Protection claim and, in an abundance of caution, also evaluated the allegations as a conditions of confinement claim. *Id.* at 4.

Williams offers several objections to the Report. First, he argues the court should employ a subjective test, instead of the *Winter* test, such that "one does not have to wait the consummation of threatened injury to obtain preventative relief." ECF No. 97 at 2. He argues he seeks to enforce Defendants' compliance with their own policies, which he contends allow general population inmates showers three times per week. *Id.* at 3. He further argues the policies violate Equal Protection, specifically a shower restriction for one group, but not another, and Defendants failed to provide justification for this restriction. *Id.* Williams notes Defendants have not shown he was the cause of the riot at Lee Correctional, or that the riot was caused by or during shower time. *Id.* He further argues no legitimate penological interest is advanced by the denial of phone and recreation opportunities. *Id.* at 5. Williams argues the correctional institution staff members are not "reasonably upholding security," and that inmates in the character/faith unit are bringing contraband into the prison. *Id.* at 6-7. Finally, he states he is a member of a class of general

3

population inmates with serious medical conditions, and he has alleged facts "to overcome the reasonableness applied to prison policies." *Id.* at 7-8.

The court adopts the Report as to the conditions of confinement claims, as it agrees a preliminary injunction or TRO will not issue based on his alleged infrequent showers, denial of access to the courts, or lack of vocational and recreational programs. However, as to the Equal Protection claim, the court reaches the same conclusion: a preliminary injunction or TRO will not issue, but not due to Williams' disciplinary record.

The issue as to the Equal Protection claim is whether the state had a rational basis for the lockdown of general population versus non-lockdown of character and faith-based units. Defendants' response and the Report appear to rely, at least in part, on Williams' disciplinary history as a basis for finding the restrictions are reasonably related to security. However, Williams' current presence on lockdown is not because of his disciplinary history, as all general population inmates are on lockdown. He is on lockdown merely due to his presence in general population.

To prevail, Williams must show general population inmates are similarly situated to character and faith-based inmates, such that the difference in treatment is not reasonably related to legitimate penological interests. *See Veney v. Wyche*, 293 F3d 726, 731-32 (4th Cir. 2002). This he has failed to do. The record reveals a systematic statewide lockdown and gradual, staggered release was imposed following a riot at one institution in which seven inmates died. The Department of Corrections determined to impose the lockdown on all general population inmates statewide, but not to impose the lockdown on inmates in character and faith-based units. *See id.* at 732 ("Prison safety and security are legitimate penological interests that we must consider.").

4

There is no evidence the decision was based on anyone's membership in a protected class, but rather was based on security levels. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) ("It is well-settled that the decision where to house inmates is at the core of a prison administrator's expertise."). Likewise, Williams has made no showing the decision was not reasonably related to legitimate penological interests. Accordingly, Williams has failed to show likelihood of success on the merits.

The court agrees Williams also has not met his burden on the other three factors: likelihood of irreparable harm, balance of equities, and public interest. As Williams has failed to make a "clear showing" each factor supports his request for preliminary injunction, his motion is denied.

### 3. **Conclusion**

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Williams' objections, the court agrees with the Report's recommendation to deny Williams' motions. The court therefore adopts the Report as modified herein. The motions for preliminary injunction/temporary restraining order (ECF Nos. 3, 14) are denied. This matter is referred back to the Magistrate Judge for pretrial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 7, 2019