IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Williams, <br><br> Plaintiff, <br><br> vs. <br><br> Bryan Stirling, et al, <br><br> Defendants. | Civil Action No. 2:18-cv-1690-CMC <br><br> **OPINION AND ORDER** |

Plaintiff Darrell Williams brought this *pro se* action alleging violations of his Equal Protection rights while incarcerated at Lieber Correctional Institution in the South Carolina Department of Corrections. ECF No. 1. This matter is before the court on Defendants' Motion to dismiss for failure to state a claim, or for summary judgment, filed February 28, 2019. ECF No. 123. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of Defendants' summary judgment motion and the need to file an adequate response. ECF No. 124. On April 30, 2019, Plaintiff filed a response in opposition after several extensions. ECF No. 146. Defendants filed a reply. ECF No. 147.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings. On May 21, 2019, the Magistrate Judge issued a Report recommending the court dismiss this action for failure to exhaust administrative remedies or, in the alternative, grant summary judgment. ECF No. 149. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on June 25, 2019. ECF No. 157. Defendants filed a reply. ECF No. 158.

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

2. **Discussion**

The Magistrate Judge concluded Plaintiff failed to exhaust administrative remedies as to the claim regarding the assault at Lieber, his conditions of confinement claim, access to law library, and remaining claims. ECF No. 149 at 8-14. The Report therefore recommends dismissal without prejudice due to Plaintiff's failure to exhaust administrative remedies. *Id.* at 14. In the alternative, the Report recommends Plaintiff's constitutional claims be dismissed on the merits. *Id.* at 19-35. The Report also recommends any claims against Defendants in their official capacities be dismissed with prejudice based on Eleventh Amendment immunity. *Id.* at 15.

Plaintiff offers numerous objections to the Report. As to exhaustion, Plaintiff "concedes both magistrate, defendants are correct in their analysis, that under the Prison Litigation Reform Act inmates must exhaust remedies before filing 1983 complaint." ECF No. 157 at 2 (errors in original). However, Plaintiff then discusses only the standards for a motion for temporary restraining order ("TRO"), which he acknowledges was denied by the court, and notes he will "address each claim individually that entitled him to relief under Rule 65(a)(b) which exempts him from section 1997e(a)." *Id.* at 4.

The entirety of Plaintiff's objections regarding his individual claims are intertwined with allegations and standards regarding Plaintiff's TRO motions.[1] Plaintiff also submits "affidavits" of two inmates regarding various complaints such as access to the law library and use of phones and showers. ECF No. 157-1. Also attached are copies of grievances and requests to staff members regarding the assault on Plaintiff and access to law libraries and showers, as well as the grievance policy and programming lists. *Id.*

Defendants filed a reply to Plaintiff's objections, arguing Plaintiff "unquestionably and inexcusably failed to exhaust his administrative remedies before filing this action." ECF No. 158 at 2. They further address several other points regarding Plaintiff's claims, and request the court grant their motion for summary judgment and dismiss this case with prejudice. *Id.*

---

[1] Although the court realizes Plaintiff has requested an injunction in his Amended Complaint, and may be attempting to argue a permanent injunction should issue, the standards for issuance are different from a preliminary injunction or TRO and therefore those are inapplicable at this stage in the litigation.

*a. Analysis*

Plaintiff appears to believe motions for preliminary injunctions or TROs are exempt from the requirement of exhaustion of administrative remedies under 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). However, regardless of whether exhaustion is required for a TRO or preliminary injunction, at this point in the litigation, Plaintiff's motions for preliminary injunctions and TROs have been denied. *See* ECF No. 110. The instant Report recommends a disposition of Plaintiff's entire case, in which he has requested compensatory and punitive damages as well as an injunction. Therefore, Plaintiff's arguments regarding exhaustion as to a TRO or preliminary injunction do not apply to this Report, which does not concern either of those. The PLRA exhaustion requirements apply to Plaintiff's claims.

The exhaustion requirement at SCDC is as follows:

1. Request to Staff Member (RTSM) or Automated Request (ARTSM) through the kiosk for informal resolution attempt within eight days of an incident
2. Step 1 Grievance on Grievance Form 10-5 after unsatisfactory response in RTSM or ARTSM
    a. if Step 1 Grievance is returned unprocessed, the inmate may file a new grievance after correcting deficiencies, or appeal the unprocessed grievance to the Inmate Grievance Branch Chief
3. Step 2 Grievance on Form 10-5A if inmate received unsatisfactory response from Step 1 Grievance. Appeal is to IGC, placed in institutional Grievance Box by inmate.
4. Response to Step 2 Grievance is SCDC's final agency decision.

ECF No. 123-6 at 2-3.

The record reflects the following grievances filed by Plaintiff: two Step 1 grievances related to the March 12, 2018 assault at Lieber; one kiosk request and one Step 1 Grievance

4

regarding allegations of disparate treatment compared to inmates in character/faith-based units; and numerous informal requests and Step 1 grievances, along with a letter to the Unit Counselor, regarding inability to access the law library. ECF Nos. 123-9, 157-1. There are no Step 2 grievances in the record.

"The doctrine [of exhaustion of administrative remedies] provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006); *see also* 42 U.S.C. § 1997e(a). A court may not excuse a failure to exhaust, even to take into account special circumstances. *Ross v. Blake*, 578 U.S. __, 136 S.Ct. 1850, 1856 (2016). However, the PLRA does contain one exception to mandatory exhaustion: the administrative remedies must be "available" to an inmate. *Id.* at 1858. Administrative remedies are unavailable when they operate as a simple dead end, are so opaque they are incapable of use, or when prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation. *Id.* at 1859.

Plaintiff has failed to exhaust administrative remedies regarding any of his claims. For the claims on which he submitted grievances – the assault at Lieber, disparate treatment with regards to character/faith-based units, and access to the law library/access to courts – he failed to complete all steps of the grievance policy as required by the PLRA prior to filing a lawsuit. As to the balance of his claims, he has failed to satisfy any part of the exhaustion process, as he did not file even the first step of informal request to staff member or a Step 1 grievance. Plaintiff has not shown administrative remedies were unavailable to him: in fact, he filed numerous informal requests

5

regarding several issues. Denials of grievances do not demonstrate administrative remedies are unavailable. Accordingly, his lawsuit in federal court must be dismissed without prejudice. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

### 5. **Conclusion**

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation to dismiss this case based on failure to exhaust administrative remedies. The court therefore adopts the portion of the Report regarding exhaustion. This matter is dismissed without prejudice.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 8, 2019

---

[2] To the extent any Defendant was sued in his official capacity, the court adopts the portion of the Report recommending dismissal with prejudice based on Eleventh Amendment immunity. *See* ECF No. 149 at 14-15.